**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEFFREY LYNN GERMAIN, et al.,

    Petitioners,

v.                                            Case No. 13-12904

LARSON,

    Respondent.

                                           /

**ORDER SUMMARILY DISMISSING HABEAS PETITION
AND DENYING CERTIFICATE OF APPEALABILITY**

On July 3, 2013, a habeas petition brought under 28 U.S.C. §§ 2241 and 2254 was filed in this court. The petition purports to be filed on behalf of seven prisoners; however, it is signed by only two prisoners who have not shown that they are authorized to seek relief on behalf of the non-signing prisoners. Thus, the non-signing prisoners will be dismissed without prejudice. The petition raises two claims: (1) the state courts lacked subject-matter jurisdiction over Petitioners' criminal cases and (2) Petitioners are being denied adequate medical care. These claims plainly do not warrant habeas relief. Therefore, the court will summarily dismiss the petition for writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases.

**I. STANDARD**

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. If the court determines that the petitioner is not entitled to relief,

the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

The claims raised are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a

state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

> Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing

3

*Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## II. DISCUSSION

### A. Procedural Defect

A habeas petition filed under § 2254 or § 2241 must be signed by the petitioner or by someone authorized to act on the petitioner's behalf. 28 U.S.C. § 2242; Rule 2(c)(5), Rules Governing Section 2254 Cases. Here, only two of the purported seven Petitioners, Jeffrey Germain and Stephen Leith, have signed the petition. The nature of Germain's and Leith's relationships with the other five Petitioners, if any, is unknown. Germain and Leith do not indicate that they have been authorized to file a petition on behalf of the other Petitioners or that the other prisoners are even aware of this filing.

An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status will not be granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id.* First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to

prosecute the action." *Id.* Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* Courts impose these restrictions on who may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164 (internal quotation omitted). Absent "next friend" status, an individual lacks standing to file a petition on another's behalf. *Id.* at 155-56.

In this case, Germain and Leith fail to explain why it is necessary for them to submit a petition on behalf of the other purported Petitioners. There is no indication that Germain or Leith has even spoken to the other five Petitioners. Because Germain and Leith provide no evidence that they are authorized to file this petition on behalf of the five prisoners who have not signed the petition, the court concludes that Germain and Leith are "uninvited meddlers," *id.* at 164, and finds that no "extraordinary circumstances" exist to warrant conferring "next friend" status on them. *Herrera v. Redman*, 869 F.2d 1490, at *1 (6th Cir. 1989) (table) ("[A]bsent a showing of exceptional circumstances, a habeas corpus petitioner may not be represented by a non-attorney engaging in the unauthorized practice of law."). Accordingly, the court lacks jurisdiction to address the claims purportedly raised on behalf of Marty Miller, John Orlando, Willie Agee, Efren Paredes, and Henry Hill. *Whitmore*, 495 U.S. at 166 (dismissing a habeas petition for lack of jurisdiction where an individual lacked standing to pursue the petition on a prisoner's behalf). These Petitioners will be dismissed without prejudice.

## B.  Subject-Matter Jurisdiction

Turning to the merits of the petition, Petitioners first argue that the state courts lacked subject-matter jurisdiction over their criminal proceedings because of a defect in the filing of the criminal complaints.  "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and does not encompass reexamining state-court determinations of state-law issues. *Id.* at 68.  The determination of whether a state court had jurisdiction under state law is properly made by the state courts, not the federal judiciary. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law: The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction. . . . This determination of jurisdiction is binding on this [federal] court." (internal quotation omitted)).  In addition, federal due process does not require state officials to follow their own procedural statutes and rules. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994).

In this case, Petitioners' claims that the Michigan courts lacked jurisdiction over their criminal cases are based solely upon alleged non-compliance with state law and, therefore, are not properly before this court.

### C. Eighth Amendment Claim

In their second claim for relief, Petitioners argue that they are not being provided with adequate medical care. Petitioners state that a law firm sent solicitation letters to tens of thousands of Michigan prisoners regarding the quality of medical care received while incarcerated. The law firm then declined to pursue legal action on behalf of almost all of the prisoners who responded to the solicitation letters. Petitioners argue that the pending action is the only means available to redress claimed violations of the right to adequate medical care.

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Petitioners' medical-care claim does not challenge the fact or duration of their confinement. Instead, it challenges the conditions of confinement. The "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody," is a civil rights action pursuant to 42 U.S.C. § 1983. *Id.* at 499. Because this claim challenges the conditions of confinement, rather than the fact or duration of confinement, it is not properly filed under § 2241 or § 2254.

### D. Request for Class Certification

Finally, because the court is denying the petition, Petitioners' request for class certification is denied as moot.

7

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the court denies a certificate of appealability.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Petitioners Marty Miller, John Orlando, Willie Agee, Efren Paredes, and Henry Hill are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus [Dkts. # 1-39] is DENIED.

Finally, IT IS ORDERED that a certificate of appealability is DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: August 8, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 8, 2013, by electronic and/or ordinary mail.

                                          S/Holly Monda for Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522