## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEFFREY LYNN GERMAIN, et al.,

    Plaintiff,

v.                                                        Case No: 13-12904

LARSON,

    Defendant.

_____/

### ORDER DENYING PETITIONER GERMAIN'S MOTIONS

On July 3, 2013, a habeas petition was filed in this court. The petition purported to be filed on behalf of seven prisoners; however, because it was signed by only two prisoners who had not shown that they were authorized to seek relief on behalf of the non-signing prisoners, the court dismissed the non-signing prisoners without prejudice. As to the remaining Petitioners, the court held that the claims raised in the petition did not warrant habeas relief and summarily dismissed the petition under Rule 4, Rules Governing Section 2254 Cases. Now before the Court is Petitioner Germain's pleading entitled:

> "Motion to Correct Record" and; "Motion to Set Aide Void Judgment of Dismissal" and; "Motion for Evidentiary Hearing" and; "Motion for Oral Argument" and; "Motion for Appointment of Legal Counsel" and "Motion for Court to Take Judicial Notice for the Record of Previous Erroneous Conclusions that Were Published as 'Judgment' Doc. # 42" and; "Renewed Motion for Writ of Habeas Corpus and Class Certification" and; "Motion for Summary Order of Release of Petitioners Relative to the Original Writ of Habeas Corpus 28 U.S.C. § 2241 Issues Embodied in Senior Action Case No. 2:13-cv-12904."

(Dkt. # 43, Pg. ID 2105.)  This pleading, including the appendices, spans almost 350 pages, but, for the most part, simply reasserts the arguments raised in the original petition.

Primarily, Petitioner disagrees with the court's finding that the petition lacked merit.  Petitioner argues that, because, in his estimation, the court got it wrong, the undersigned district judge should be removed from this action and investigated, counsel should be appointed, and an evidentiary hearing should be conducted.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . . Almost invariably, they are proper grounds for appeal, not for recusal."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  In short, a judge's orders, informed by judicial proceedings, "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.*  Petitioner dislikes the court's ruling, but fails to provide any basis for recusal.  Petitioner's request for recusal will be denied.  Similarly, his associated requests for an evidentiary hearing and appointment of counsel will also be denied.

Petitioner's remaining arguments focus on the court's decision dismissing the petition and request relief from that judgment.  He seeks relief under Fed. R. Civ. P. 60(b)(3) and 60(d)(3) on the ground that a fraud was committed.  Rule 60(b)(3) "requires fraud by an adverse party to warrant relief from judgment."  *Mayhew v. Gusto Record, Inc.*, 69 F. App'x 681, 682 (6th Cir. 2003).  Rule 60(d)(3) provides that a

judgment may be attacked for fraud on the court. Petitioner does not allege fraud by an adverse party. Nor does he allege that a fraud was committed on the court. Instead, he alleges that a fraud was committed *by the court* because its dismissal of the habeas petition was incorrect. Neither Rule 60(b)(3) nor Rule 60(d)(3) allow for relief from judgment under this circumstance. Moreover, Petitioner cites no rule or case law, and the court is aware of none, for the proposition that a court's ruling (even if ultimately mistaken and/or reversed by a court of appeals) may constitute a "fraud."

Finally, Petitioner also seeks relief under Fed. R. Civ. P. 60(b)(4). Rule 60(b)(4) provides for relief in circumstances where the underlying judgment is void. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Id.* (quoting *In re Edwards*, 962 F.2d 641, 644 (6th Cir. 1992)). Petitioner has failed to demonstrate that this court lacked jurisdiction over his habeas corpus petition, or over the parties, or that this court acted in a manner inconsistent with due process. Accordingly,

IT IS ORDERED that Petitioner's "'Motion to Correct Record' and; 'Motion to Set Aside Void Judgment of Dismissal' and; 'Motion for Evidentiary Hearing' and; 'Motion for Oral Argument' and; 'Motion for Appointment of Legal Counsel" and 'Motion for Court to Take Judicial Notice for the Record of Previous Erroneous Conclusions that Were Published as 'Judgment' Doc. # 42' and; 'Renewed Motion for Writ of Habeas Corpus and Class Certification' and; 'Motion for Summary Order of Release of

Petitioners' relative to the Original Writ of Habeas Corpus 28 U.S.C. § 2241 Issues Embodied in Senior Action Case No. 2:13-cv-12904," (Dkt. # 43) is DENIED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: July 23, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 23, 2014, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522